fore the return day thereof." Following out the rule of construction referred to, the return day is the one specified, and must be excluded from the reckoning, and the date of the issuance of the summons included; and we thus have the six days essential to obtaining jurisdiction of the defendant, and to authorize the entry of judgment on the complaint. Section 2878 of the Code of Civil Procedure prescribes the manner and time of service of the summons in the justice's court, and concededly the service in the present case gave the necessary six days, in compliance with that section. If, by the chapter mentioned, it was intended to depart from this long-recognized rule, we should expect to find definite phraseology manifesting that intention. The service, to be effective by the Code section, must be six days before the time of the appearance, and by the act referred to, the same number of days before the return day of the summons. In each, one day is to be excluded, according to the canon of interpretation respecting the service of the process. The difference in the language employed is not, therefore, of sufficient moment to require a construction varying the practice from that long settled. The judgment of the county court should be reversed, with the costs and disbursements of this appeal, and that of the justice's court affirmed, with costs.

Judgment of county court reversed, with the costs and disbursements of this appeal, and that of the justice's court affirmed, with costs. All concur, except ADAMS, P. J., not voting.

─────────────

(74 App. Div. 623.)

### ARMSTRONG v. PURCELL.

(Supreme Court, Appellate Division, Second Department. June 6, 1902.)

1. MORTGAGES—PAYMENT—ASSIGNMENT TO TRANSFEREE OF PROPERTY—RE-
   LEASE OF MORTGAGOR.
       Where mortgaged realty was conveyed to one who held for himself and another, and the two procured an assignment of the mortgage to them, each contributing equally in payment thereof, so that their interest in the mortgage and in the mortgaged premises was the same, the personal liability of the mortgagor was extinguished.

    Appeal from special term.

    Action by Harriet S. Armstrong against Ellen Purcell. From a judgment for defendant, plaintiff appeals. Affirmed.

    The following is the opinion of the court below (SMITH, J.):

    "I do not think the contract between Adams and Smith, of March 30, 1894, operated as an extension of the mortgage, because in my opinion the agreement therein contained is too indefinite to be enforceable. Neither party could enforce a specific performance thereof. I am also of the opinion that there was not a valid extension of the time of the payment of the mortgage contained in the letter of Adams to Smith of May 2, 1894. If by that letter Adams assumed personal liability of the mortgage debt, there was a valid extension of the time of the payment, but reading the whole letter together, I am convinced that neither party understood such an assumption was in-

tended. He promised that it should be paid, but, upon his failure so to do, his statement to Smith was, 'Then you are at liberty to foreclose said mortgage forthwith.' In other words, Smith could do just what admittedly he had the right to do when the letter was written, and by a fair implication secured no greater right by reason of the extension. Although I do not think the mortgagor was relieved from liability by reason of a valid extension of the time of payment of the mortgage without her consent, I am of the opinion that she was discharged from such liability by the payment to Smith of the mortgage by Higgins and Adams, who at the time were the owners of the mortgaged property. It appears that the mortgaged premises were conveyed to one Thomas C. Higgins by deed dated May 3, 1894. Higgins did not record the deed until July 22, 1897, but it is undisputed that he held title for himself and for Adams. On June 19, 1894, Smith assigned the mortgage in question to Higgins; Adams and Higgins each contributing equally in the payment thereof to Smith. The interest of Adams and Higgins in the mortgaged premises and in the mortgage was then precisely the same. The primary fund for the payment of this mortgage was the land; the mortgagor becoming the surety only. Higgins and Adams, as grantees of the mortgaged premises, were bound in equity to pay off the mortgage. Ferris v. Crawford, 2 Denio, 595; Jumel v. Jumel, 7 Paige, 591; Johnson v. Zink, 51 N. Y. 336. I think the conclusion inevitable that under these circumstances the mortgage debt must be deemed to have been extinguished; that neither Higgins nor his assignee can enforce the mortgage debt against the mortgagor. The defendant is entitled to judgment dismissing the complaint upon the merits, with costs."

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

Lester & Mettler, for appellant.

Philbin, Beekman & Menken, for respondent.

PER CURIAM. Judgment affirmed, with costs, on the opinion of SMITH, J.